HOWARD G. TOONE, LAURA T. SOMERS AND FLORENCE T. WARD, PROSECUTORS, v. THE CITY OF CAMDEN, DEFENDANT.

Argued January 16, 1940—Decided April 4, 1940.

Before Brogan, Chief Justice, and Justices Donges and Porter.

For the prosecutors, *French, Richards & Bradley.*

For the defendant, *John J. Crean* and *William J. Shepp.*

Per Curiam.

A writ of *certiorari* was allowed to review a resolution of the governing body of the city of Camden by virtue of which the prosecutors' property was listed for sale for delinquent taxes. The return to the writ discloses the various acts antecedent to such resolution and from it we gather the following facts:—that the prosecutors are the owners of property on Kaighn avenue, Camden, New Jersey; that it was leased to the McCrory Stores Corporation, which tenant has the obligation of paying the taxes; that for the year 1938 the property carried a total assessment of $165,450; that petitions of appeal were filed with the Camden County Board of Taxation seeking a reduction of assessment—one, as of June 2d, 1938, by the lessee as such, another as of August 1st, 1938, by the lessee as agent of the owner, and a third as of April 12th, by Mr. Toone as one of the owners. The appeals were heard on October 11th, 1938. On November 3d, judgment was entered on the duplicate appeals of the tenant, rejecting the application for a reduction of assessment. On December

5th, 1938, however, on the owners' appeal, a judgment reducing the assessed valuation by $20,000 was entered. The taxes as originally assessed for 1938 had been paid in full, the last payment having been made on November 9th, of that year. On December 8th, 1938, a copy of the last judgment reducing the assessment was forwarded to the city comptroller of the municipality and a refund requested by the owner. The comptroller refunded the sum of $860 to Mr. Toone. The check, issued on December 12th, was cashed on the following day. Now on the day the check was cashed the County Board of Taxation "corrected" its judgment on the appeal of Mr. Toone. In the revised judgment it allowed no assessment reduction and in effect reinstated the assessment as made. Upon receipt of this last judgment, the city comptroller endeavored to stop payment on the check already forwarded to Mr. Toone but was too late. The tax records were corrected to show a delinquency in the amount of the check, namely, $860, with interest added. On December 14th, Mr. Toone filed a petition of appeal to the State Board of Tax Appeals to review the judgment of the county board refusing the reduction. This appeal is pending.

It is argued that the payment of the taxes as assessed on November 9th, 1938, extinguished the lien; that there was no power in the municipality or the County Tax Board to revive such tax lien and that therefore the proceedings to sell the property, where the taxes have been paid, are void. We do not find it necessary to discuss these questions now because the writ, in our judgment, was improvidently allowed. If there be any error in the proceedings before the County Tax Board, upon which the proposed tax sale is based, it is cognizable by the State Board of Tax Appeals to which the prosecutors have already appealed. That tribunal is competent to give whatever relief should be given. The statutory appellate tax board should not be by-passed under the facts and circumstances of this case. *Rosen* v. *Paterson,* 14 *N. J. Mis. R.* 655.

The writ will be dismissed, with costs.